Case No. 1:24-CV-12994-ADB

|  |  |
|---|---|
| Dan Howitt | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| V. | ) |
|  | ) |
| Anthanasios Vorvis | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## ANTHANASIOS VORVIS' ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT

Now comes the Defendant, Athanasios Vorvis, and answers the allegations set forth in the Plaintiff's Amended Complaint as follows:

With respect to the portion of the Plaintiff's Amended Complaint headed "Parties" the Defendant is without sufficient information to either admit or deny the allegations which the Plaintiff has made concerning his current residence, admits that the Defendant currently resides in Brooklyn, New York, and admits that the property which forms the subject matter of the Plaintiff's Amended Complaint is 1137 Massachusetts Avenue, Apt. #37, Cambridge, MA, (which shall hereinafter be referred to as the "Subject Unit").

With respect to the purported allegations set forth in the portion of the Plaintiff's Amended Compliant headed "Jurisdiction and Venue", those allegations/purported allegations constitute conclusions of law, which the Defendant is neither qualified nor able to respond to, to the extent that a response is required, the Defendant denies those allegations.

1

With respect to the portion of the Plaintiff's Amended Complaint headed "Introduction", the Defendant asserts that he is without sufficient information to either admit or deny allegations concerning the Plaintiff's assertion that he receives SSI Disability Income, Mass Health, Medicaid, Supplemental Nutrition Assistance Program and a Section 8 Voucher, and calls on the Plaintiff to prove same. With respect to the allegations set forth in the Amended Complaint that assert that the Plaintiff's Amended Complaint argues that the Defendant violated various Federal and State Statutes, the Defendant asserts that the Complaint speaks for itself, but denies that he violated any of the referenced statutes as alleged.

1.  In response to the allegations set forth in Paragraph 1 of the Plaintiff's Amended Complaint, the Defendant admits that there were message exchanges between the Plaintiff and Defendant via the Zillow email system, concerning the Subject Unit, denies that the Subject unit is 500 square feet, and asserts that instead it is 400 square feet, admits that it was advertised at a monthly rent of $2,700.00, but denies that it was advertised as including all utilities, that instead it was offered under terms that the heat and hot water were included in the monthly rent, but the remaining utilities were not, and denies that the link which the Plaintiff has provided is the rental listing that the Plaintiff responded to and exchanged Zillow messages with the Defendant with respect to.

2.  In response to Paragraph No. 2 of the Plaintiff's Amended Complaint, the Defendant denies that he informed the Plaintiff that the Plaintiff was the first to respond to his advertisement, admits that he informed the Plaintiff that he was the first person to view the Subject Unit, and denies the remaining allegations set forth in Paragraph 2, and asserts that the messages exchanges as referenced in Paragraph 2 of the Plaintiff's Amended Complaint, were exchanged via the Zillow email system, and not via direct email.

3. In response to the allegations set forth in Paragraph 3 of the Plaintiff's Amended Complaint, the Defendant denies that the Plaintiff provided any rental references, admits that the Plaintiff provided a single academic reference, and admits that the Defendant did not contact the academic reference because the Plaintiff did not file the application which the Defendant required in order for the Defendant to consider him as candidate to rent the Subject Unit from the Defendant.

4. In response to the allegations set forth in Paragraph 4 of the Plaintiff's Amended Complaint, the Defendant admits that the Defendant showed the Plaintiff the Subject Unit for approximately thirty minutes on June 14, 2023, but denies that any interview was conducted at that time.

5. In response to the allegations set forth in Paragraph 5 of the Plaintiff's Amended Complaint, the Defendant admits that the Plaintiff mentioned that he had a housing voucher during the showing that occurred on June 14, 2023, but does not recall what if any specifics the Plaintiff spoke about with respect to the voucher at that time.

6. The Defendant denies the allegations set forth in Paragraph 6 of the Plaintiff's Amended Complaint.

7. The Defendant admits that the Plaintiff sent the Defendant his Section 8 Voucher Certificate and the RFTA via a message sent through the Zillow messaging system, denies that the Plaintiff did so in response to a request made by the Defendant, and is without sufficient information to either admit or deny allegations concerning what the Plaintiff's Section 8 Voucher Administrator required of him.

8. The Defendant denies the allegations set forth in Paragraph 8 of the Plaintiff's Amended Complaint.

9. In response to the allegations set forth in Paragraph 9 of the Plaintiff's Amended Complaint, the Plaintiff never provided any rental references to the Defendant nor did the Plaintiff complete a rental application in the form that the Defendant required, and consequently the Defendant was neither capable of contacting the Plaintiff's rental references nor did he do so.

10. In response to the allegations set forth in Paragraph 10 of the Plaintiff's Amended Complaint, the Defendant admits that he never completed the RFTA form because the Plaintiff never submitted a rental application in the form that the Defendant required, and consequently, there was no basis for the Defendant to move forward in considering the Plaintiff as a tenant.

11. In response to the allegations set forth in Paragraph 11 of the Plaintiff's Amended Complaint, the Defendant admits that he never contacted the academic reference provided by the Plaintiff, because the Plaintiff never submitted any rental application in the form required, and consequently, there was no basis for the Defendant to move forward in considering the Plaintiff as a tenant. The Defendant further answers by stating that the Defendant sought rental references from the Plaintiff, which were not provided, and not academic references which were not references on the subject matter that the Defendant was interested.

12. In response to the allegations set forth in Paragraph 12 of the Plaintiff's Amended Complaint, the Defendant asserts that the allegations are vague in their reference and consequently, the Defendant is unable to either admit or deny those allegations, to the extent that a response is required, the Defendant denies the allegations set forth in Paragraph 12 of the Plaintiff's Amended Complaint.

13. The Defendant admits the allegations set forth in Paragraph 13 of the Plaintiff's Amended Complaint.

14. In response to the allegations set forth in Paragraph 14 of the Plaintiff's Amended Complaint, the Defendant admits that he did not respond to the Plaintiff's message indicating that he could have a family member be a cosigner if necessary, but didn't do so, because the Plaintiff never submitted a rental application in the form required, and consequently, there was no basis for the Defendant to move forward in considering the Plaintiff as a tenant.

15. In response to the allegations set forth in Paragraph 15 of the Plaintiff's Amended Complaint, the Defendant admits that he sent the message referenced in Paragraph 15 of the Plaintiff's Amended Complaint, but asserts that it was sent via the Zillow messaging system.

16. The Plaintiff is without sufficient information to either admit or deny the allegations set forth in Paragraph 16 of the Amended Complaint and calls on the Plaintiff to prove same.

17. In response to the allegations set forth in Paragraph 17 of the Plaintiff's Amended Complaint, the Defendant admits that the Plaintiff messaged the Defendant asking the Defendant if he could send the RFTA form to Lincoln, but asserts that that message was sent via the Zillow messaging system, and not via direct email.

18. In response to the allegations set forth in Paragraph 18 of the Plaintiff's Amended Complaint, the Defendant denies that the language purportedly quoted therein, accurately reflects what the Defendant messaged the Plaintiff at that time, via the Zillow messaging system, but admits that at that time, after receiving unwarranted threatening emails from the Plaintiff, the Defendant communicated with the Plaintiff that he was withdrawing the

listing, and further asserts that the message which the Defendant sent to the Plaintiff on that subject speaks for itself.

19. The Defendant denies the allegations set forth in Paragraph 19 of the Plaintiff's Amended Complaint.

20. In response to the allegations set forth in Paragraph 20 of the Plaintiff's Amended Complaint, the Defendant asserts that he is without sufficient information to either admit or deny those allegations. To the extent that the Plaintiff accurately recorded what transpired at the time that he alleges that he rang the doorbell to the Subject Unit, that recording speaks for itself.

21. In response to the allegations set forth in Paragraph 21 of the Plaintiff's Amended Complaint, on information and belief, the Defendant denies that the Plaintiff informed the person that he spoke to on August 1, 2023, that the conversation was being recorded, and to the extent that the conversation was in fact recorded, the recording speaks for itself.

22. In response to the allegations set forth in Paragraph 22 of the Plaintiff's Amended Complaint, the Defendant denies that the Subject Unit is rare, and asserts that it is a standard unit in the area that it is situated.

23. The Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 23 of the Plaintiff's Amended Complaint, and calls on the Plaintiff to prove same.

24. The Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 24 of the Plaintiff's Amended Complaint, and calls on the Plaintiff to prove same.

25. The Defendant denies the allegations set forth in Paragraph 25 of the Plaintiff's Amended Complaint, denies that he committed any wrongdoing when interacting with the Plaintiff,

and denies that the Plaintiff was forced to endure anything that was psychologically humiliating at the Defendant's hands, and/or that the Defendant did anything, that would cause the Plaintiff to feel that he was subhuman or not worthy of renting from him.

26. In response to the purported allegations set forth in Paragraph 26 of the Plaintiff's Amended Complaint, the Defendant asserts that those purported allegations constitute conclusions of law, which the Defendant is neither qualified nor capable of responding to. To the extent that a response is required of the Defendant, the Defendant denies those allegations.

27. In response to the purported allegations set forth in Paragraph 27 of the Plaintiff's Amended Complaint, the Defendant asserts that those purported allegations constitute conclusions of law, which the Defendant is neither qualified nor capable of responding to. To the extent that a response is required of the Defendant, the Defendant denies those allegations.

28. The Defendant denies the allegations set forth in Paragraph 28 of the Plaintiff's Amended Complaint.

29. In response to the purported allegations set forth in Paragraph 29 of the Plaintiff's Amended Complaint, the Defendant asserts that those purported allegations constitute conclusions of law, which the Defendant is neither qualified nor capable of responding to. To the extent that a response is required of the Defendant, the Defendant denies those allegations.

30. The Defendant denies the allegations set forth in Paragraph 30 of the Plaintiff's Amended Complaint.

31. In response to the purported allegations set forth in Paragraph 31 of the Plaintiff's Amended Complaint, the Defendant asserts that those purported allegations constitute

conclusions of law, which the Defendant is neither qualified nor capable of responding to. To the extent that a response is required of the Defendant, the Defendant denies those allegations.

32. The Defendant denies the allegations set forth in Paragraph 32 of the Plaintiff's Amended Complaint.

33. In response to the purported allegations set forth in Paragraph 33 of the Plaintiff's Amended Complaint, the Defendant asserts that those purported allegations constitute conclusions of law, which the Defendant is neither qualified nor capable of responding to. To the extent that a response is required of the Defendant, the Defendant denies those allegations.

34. The Defendant denies the allegations set forth in Paragraph 34 of the Plaintiff's Amended Complaint.

35. The Defendant repeats, reasserts and reavers all of his responses to the allegations/purported allegations set forth in Paragraphs 1 through 34, of the Plaintiff's Amended Complaint, as if set forth in their entirety, and incorporates them by reference herein. In further response, the Defendant denies that he violated, USC 42 §3601 et. seq. by not renting to Plaintiff because of the Plaintiff's disability, as such, denies that the relief requested is warranted and asserts that the relief requested must be denied.

36. The Defendant repeats, reasserts and reavers all of his responses to the allegations/purported allegations, set forth in Paragraphs 1 through 35, of the Plaintiff's Amended Complaint, as if set forth in their entirety, and incorporates them by reference herein. In further response, the Defendant denies that he violated, M.G.L. c. 151B §4(10) by not renting to Plaintiff because of the Plaintiff's disability, as such, denies that the relief requested is warranted and asserts that the relief requested must be denied.

37. The Defendant repeats, reasserts and reavers all of his responses to the allegations/purported allegations set forth in Paragraphs 1 through 36, of the Plaintiff's Amended Complaint, as if set forth in their entirety, and incorporates them by reference herein. In further response, the Defendant denies that he violated, USC 42 §12182 by not renting to Plaintiff because of the Plaintiff's disability, as such, denies that the relief requested is warranted and asserts that the relief requested must be denied.

38. The Defendant repeats, reasserts and reavers all of his responses to the allegations set forth in Paragraphs 1 through 37, of the Plaintiff's Amended Complaint, as if set forth in their entirety, and incorporates them by reference herein. In further response, the Defendant denies that he violated, M.G.L. c. 272 §98 by not renting to Plaintiff because of the Plaintiff's disability, as such, denies that the relief requested is warranted and asserts that the relief requested must be denied.

## AFFIRMATIVE DEFENSES

### Failure to State Claim Upon Which Relief Can Be Granted

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Lack of Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction over the claims asserted under Massachusetts Law.

### Insufficiency of Service of Process

The Defendant has never been served with a Summons or Complaint in this matter, and the Complaint must be dismissed based on Insufficiency of Service of Process.

### Insufficiency of Process

As a result of the fact that the Defendant has never been served with a Summons and Complaint in this matter, the Defendant has not been able to view the Summons and Complaint to determine whether process has been sufficient. On this basis, the Plaintiff's Amended Complaint must be dismissed based on Insufficiency of Process.

## Res Judicata

The Claims asserted by the Plaintiff in his Amended Complaint have already been dismissed in the Massachusetts Housing Court, and the Plaintiff is not now entitled to proceed with the reframed claims as asserted in the Federal Court. The Plaintiff's claims are barred by the Doctrine of Res Judicata.

## Failure to Abide by Statutory Requirements of Pursuing Claims

The Plaintiff has not abided by the Statutory Requirements imposed to pursue the claims which he has asserted and his claims must be dismissed.

## Plaintiff Failed to Follow Process Required to Be Considered as Tenant

The Plaintiff failed to follow the process for the Defendant to consider the Plaintiff as a tenant which is the reason that the Plaintiff was not considered as a tenant, and the Defendant's actions are not the reason that the Plaintiff was not so considered.

## Statute of Limitations

The Plaintiff's claims were not brought within the limitations period provided under statute and as such the Plaintiff's claims are barred.

## Estoppel/Equitable Estoppel

The Plaintiff's claims are barred under the Doctrines of Estoppel and Equitable Estoppel

## Collateral Estoppel

The Plaintiff's claims are barred under the Doctrine of Collateral Estoppel.

## Laches

10

The Plaintiff's claims are barred by his Laches.

## The Plaintiff's Claims Are Frivolous

The claims asserted in the Plaintiff's Amended Complaint are wholly unsubstantial, frivolous, and not advanced in good faith.

## The Plaintiff Sustained No Damage

To the extent that the Defendant committed any wrongdoing, and/or breached any duty that he owed the Plaintiff, which the Defendant categorically denies, the Plaintiff has not sustained any damage as the result.

## Failure to Mitigate Damages

The Plaintiff has failed to mitigate his damages.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL MATTERS ASSERTED**

Respectfully Submitted,
Defendant,
Anthanasios Vorvis
By His Attorney,

  /s/ Karl F. Stammen, Jr.
Karl F. Stammen, Jr., Esq.
Stammen & Associates
101 Federal Street, Suite 1900
Boston, MA 02110
BBO# 555537
Tel: (617) 227-8050
Fax: (617) 204-5719
Email: stammenlaw@gmail.com

Dated: December 30, 2025

**CERTIFICATE OF SERVICE**

I, Karl F. Stammen, Jr., Esq., certify that I caused to be served a true copy of the foregoing Defendant, Anthanasios Vorvis' Answer to the Plaintiff's Amended Complaint, by email, upon the following, Pro Se Plaintiff, Dan Howitt, 37 Bay State Road #5, Boston, MA 02215, dancambridge0@gmail.com

/s/ Karl F. Stammen, Jr.
Karl F. Stammen, Jr., Esq.

Dated: December 30, 2025