US DISTRICT COURT MASSACHUSETTS

1:24CV12994ADB

Dan Howitt,
Plaintiff,
v
Athanasios Vorvis,
Defendant.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

PLAINTIFF'S CROSS-MOTION, TO DEEM AS UNOPPOSED, PLAINTIFF'S MOTION FOR SANCTION AND TO ENFORCE SETTLEMENT AGREEMENT

SUMMARY: Defendant via his attorney violated Local Rule 7.1(b)(2) several times, including failing to submit a response to my Document 71 above captioned motion within 14 days, then, after nearly 1 full month on 11/23/26 failing to even attempt to confer with me regarding his 11/23/26 motion for more time regarding his future motion to strike, and, his motion for more time does not provide an excusable reason - he only states that he, an attorney, realized that he should provide a response to my motion. His deadline per the above FRCP was 14 days, and he exceeded it by nearly 2 full weeks. J. Boal let the 1 full month elapse and not order that my motion is deemed denied, and essentially immediately allowed defendant's motion for more time. She did not provide me time to file an opposition, ignored defendant's many instances of ignoring of the above Local Rule, defendant did not provide me with time to submit an opposition, J. Boal issued an order providing him with the freedom to take action despite all of this, and ignored that both he and she constrain my freedom to provide an opposition.

1 Defendant's attorney, in his Motion (Document 77), did not abide by Local Rule 7.1(a)(2)) due to not even attempting to confer with me by email nor telephone, nor certifying that he attempted to do so. Instead, as he states in his Document 77, he served me by email concurrent with his filing. Due to this, I ask that his motion is denied.

2 As to the content of his Motion, whereas there is a court ordered settlement agreement regarding the relief, it does not include any Terms, which defendant's attorney sent to me in his proposed Agreement after the above court order. As such, the Terms that defendant's attorney specifies in his proposed Agreement are not a part of the court's order. Clearly J. Bowler assumed that the proposed Agreement

would be standard, which it was not at the outset, and which it still is not. I assume that J. Boal or J. Burrows can discuss this matter with J. Bowler, for example that she first asked defendant's attorney to remove a substantial extent of content, which he did; and all of that took 2+ months. Then, he continueD to have content asking me to release him and his law firm from liability, and declined to accept J. Bowler's input on the matter, all of which took 2+ more months.

3 Now I submitted on 10/27/26 my Document 75 Emergency Motion For Sanction & To Enforce Settlement Agreement, and 1 full month has elapsed, and defendant's attorney failed to abide by Local Rule 7.1(b)(2) requiring a response within 14 days.

4 I therefore ask that defendant's motion for an extension of time be denied, and that my Document 75 Emergency Motion For Sanction & To Enforce Settlement Agreement is deemed to be unopposed.

5 Defendant continues to ignore the emergent nature of my above motion, and has subjected me, and the court, to yet another 1 full month of delay.

6 J. Boal has had my above motion for nearly 1 full month and did not respond to it in any way, including to take action to deem it unopposed, which she has done regarding some of my filings for other cases of mine. Then, she, at 7 am the day after defendant's 3pm motion for more time, allowed his motion.

Submitted by,
/s/ Dan Howitt, 11/23/26

Certificate of service & Local Rule 7.1 Compliance: Today and on 11/23/26 I served this document to defendant's attorney by efile and he did not respond.